UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SALLY WARD, | Case No. 2:20-CV-251 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| THE VONS COMPANIES, INC., et al., | |
| Defendant(s). | |

Presently before the court is Sally Ward's ("plaintiff") motion to remand to state court. (ECF No. 6). The Vons Companies, Inc. ("defendant") filed a response (ECF No. 11), to which plaintiff replied (ECF No. 13).

**I.     Background**

The instant action arises from plaintiff's personal injuries sustained in defendant's store. (ECF No. 6-1). Plaintiff was leaving the store when her shopping cart's antitheft system engaged without warning, locking the wheels of the cart. *Id.* at 5. As a result, plaintiff ran into the cart and suffered injuries. *Id.*

Plaintiff filed this suit on June 20, 2019, and amended her complaint to include defendant Gatekeeper Systems, Inc. ("Gatekeeper") on August 27, 2019. (ECF No. 6 at 2). Plaintiff's first amended complaint alleged that she "is and was . . . a resident of Clark County, Nevada"; that

Gatekeeper and defendant are both "foreign corporations"; and that she "has incurred medical expenses in an amount in excess of $100,000."[1] (ECF No. 6-1 at 2–3, 5).

Plaintiff served defendant with a copy of her first amended complaint on October 1, 2019. (ECF No. 6-2). Defendant removed this action on February 5, 2020, leading to the present issue before the court. (ECF Nos. 1; 6).

## II. Legal Standard

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty-day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion,

---

[1] Elsewhere in her first amended complaint, plaintiff alleges she incurred "special damages in excess of $150,000 and general damages." (ECF No. 6-1 at 7).

order or other paper from which it can determine that the case is removable. *Id.* (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

**III. Discussion**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)).

"[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Furthermore, "defendants need not make extrapolations or engage in guesswork; yet [28 U.S.C. § 1446(a)] 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'" *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (quoting *Whitaker v. Am. Telecsting Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)).

For a United States district court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003).

Here, the parties do not dispute that the amount in controversy exceeds $75,000 (ECF Nos. 6; 11) and that there is complete diversity. The point of contention is whether the first amended complaint provided notice of removability to defendant.

Plaintiff claims that defendant failed to timely remove the case. More specifically, plaintiff contends that defendant received the amended complaint on October 1, 2020 but did not file to remove prior to the closing of the thirty-day window. *Id.* Due to the inflexible 30-day window for removal established by 28 U.S.C. § 1446(b)(1), plaintiff contends that the case should be remanded to state court. *Id.* at 5–6.

On the other hand, defendant argues that its thirty-day removal window did not begin with service of the first amended complaint. (ECF No. 11). More specifically, defendant contends that removability was not apparent from the face of the first amended complaint because plaintiff indicated she was a "resident" rather than a "citizen" of Nevada. *Id.* at 5.

Defendant further claims that plaintiff's omission of Gatekeeper's principal place of business (California) and state of incorporation (Delaware) also preclude notice of removability. *Id.* at 6. Finally, defendant believes that the amount in controversy was unclear because plaintiff alleged damages in excess of $100,000 in the general allegations of her complaint, $150,000 in her causes of action, and $15,000 in her prayer for relief. *Id.* at 6–7. Thus, defendant posits that it did not miss the opportunity to file prior to the closing of the thirty-day window because the required information needed to give notice were "obscured." *Id.*

James C. Mahan
U.S. District Judge

- 4 -

However, defendant's arguments are unavailing. As can be noted in a commonsense examination of the four corners of the first amended complaint, plaintiff clearly established diversity jurisdiction. First, she asserted that she is a resident of Clark County, Nevada. (ECF No. 13 at 4). Even though plaintiff posits that Gatekeeper and defendant are "foreign corporations" in the complaint, only a "reasonable amount of intelligence" was needed to see that diversity jurisdiction had been established and removability was appropriate. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (quoting *Whitaker v. Am. Telecsting Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)). (ECF No. 13 at 2). As "foreign corporations," neither are Nevada corporations. Thus, diversity of citizenship was established.

Moreover, Nevada Rule of Civil Procedure 8 provides that "if the pleader seeks more than $15,000 in monetary damages, the demand for relief may request damages 'in excess of $15,000' without further specification of the amount." Nev. R. Civ. P. 8(a)(4). Nonetheless, the amount in controversy exceeds $75,000 since plaintiff "suffered special damages in excess of $150,000." (ECF No. 6 at 5). Because plaintiff exceeded the amount in controversy requirement, the thirty-day window for notice of removal indeed began on October 1st and ended October 31st. Thus, in failing to file within this window, defendant missed the appropriate deadline.

Thus, defendant had notice of removability, and the case should be remanded to state court.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand (ECF No. 6) be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

- 5 -

IT IS FURTHER ORDERED that the matter of *Ward v. The Vons Companies, Inc. et al.*, case number 2:20-cv-00251-JCM-BNW, be, and the same hereby is, REMANDED to the Eighth Judicial District Court.

DATED March 16, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**